J^BOLIN, J.
This suit was filed originally on August 28, 1986. It was a suit against the defendant, Jack Wright, for Partition of Community Property and Settlement of Claims Arising from the Matrimonial Regime. The parties entered into a Community Property Partition agreement on February 11, 1988. On December 4, 1998, the plaintiff filed a Rule for Compliance with Court Orders, Contempt of Court, and Assessment of Attorney’s fees and costs. Judgment was entered in favor of the plaintiff on March 22, 1999 and was filed on April 20,1999.
The defendant filed an appeal alleging that the district court committed error in ordering him to complete a Qualified Domestic Relations Order (“QDRO”) with benefits immediately payable to the plaintiff.
PROCEDURAL HISTORY AND FACTS
The plaintiff, Kathy Suarez Wright, is the former wife of the defendant, Jack Wright. On August 28, 1986 the plaintiff filed suit to have the community property partitioned and to settle all claims that arose from the matrimonial regime. Pursuant to a Court order, the parties entered into a community property partition agreement on February 11,1988.
On December 4, 1998, over ten years later the plaintiff filed a rule for Compliance with the Court Orders. The major complaint of the plaintiff was that the parties had not completed the “QDRO” re *526 ferred to in the community property agreement of February 11,1988.'
The defendant admitted that the parties had not entered into the required “QDRO” and that he was willing to enter into the “QDRO” but not on the terms suggested by the plaintiff. The plaintiff wished to receive benefits immediately from the defendant’s plan, even thought the defendant had not retired nor was he receiving any benefits from the plan.
Following a hearing, the trial judge ordered the defendant to complete a “QDRO” with the benefits immediately payable to plaintiff.
ANALYSIS
The pension of one spouse that is acquired during the existence of the community becomes community property. LSA-CC Art. 2338. A spouse of an employee is entitled to one-half of the value attributable to a pension right earned during the existence of the community when it is terminated. Frazier v. Harper, 600 So.2d 59 (La.1992). Clearly Mrs. Wright is entitled to one-half of the pension plan that was acquired during |sthe existence of the community. The main issue is whether she is entitled to begin receiving benefits now or when Mr. Wright begins receiving them.
The trial court ordered Mr. Wright to file a “QDRO” with his employer and request that Mrs. Wright begin receiving benefits as soon as possible. The law is that a non-employee spouse is to receive payments from a retirement plan “if, and when” benefits were paid to the employee spouse. Sims v. Sims, 358 So.2d 919, 922 (La.1978). In Sims, 358 So.2d at 924, the court set out a formula to calculate a non-employed spouse’s interest in each installment of pension benefits when they become payable.
An exception to the Sims formula has been recognized by our brethren on the Fifth Circuit in Halverson v. Halverson, 589 So.2d 1153 (La.App. 5 Cir.1991). From Halverson emerged five requirements that must be met before a non-employee spouse could receive benefits before the employee-spouse begins to receive benefits. The Halverson test requires that the Sims formula be fixed, i.e. the number of years of service creditable under the plan is determined at the time of partition. Second, Halverson requires that the employed spouse’s Final Average Earnings can be computed. Third, Hal-verson requires that the employee spouse be entitled to retire. Fourth, the court must find the non-employed spouse willing to waive any right to future increases in order to receive immediate benefits. Fifth, that the court is able to structure the “QDRO” so that the non-employed spouse would receive no amount greater than the amount to be received if required to wait until the employed spouse retires.
In the instant matter, there is no indication from the record that any of the Hal-verson requirements were met. There is no showing that the years of creditable services required by the Sims formula is determinable at this time. There is no indication from the record that Mr. Wright’s Final-Average Earnings could or has been computed. There has been no determination of whether Mr. Wright is entitled to retire. The fourth requirement of unfairness to Mrs. Wright in waiving her rights to increases was not an issue addressed by the court. Finally, the last requirement of Halverson, that the court structure the “QDRO”, was not met.
The Fifth Circuit made it abundantly clear in Blanchard v. Blanchard, 96-1031 (La.App. 5 Cir. 5/28/97), 697 So.2d 275, that the Halverson exception only applied to [4the particular facts of Halverson, and Halverson-like cases, otherwise Sims controls. For these reasons, it is necessary that the requirements of Halverson be met before a departure from Sims is allowed. As stated above, none of the Halverson requirements were met. The party requesting immediate payment bears the burden of proving that the requirements of *527 Halverson are met. If all requirements are not proven, then the general rule of Sims is applicable.
DECREE
The judgment of the district court is reversed. It is hereby ordered that this matter be remanded to the district court to determine if the Halverson requirements are met. If that court determines that the Halverson requirements are not met, it is to apply the general rule of Sims.
REVERSED; REMANDED, WITH INSTRUCTIONS.